**James H. SORENSON and Marlene E. Sorenson, Appellants,**

v.

**FIRST WISCONSIN NATIONAL BANK OF MILWAUKEE, N.A., Appellee.**

No. 90–5285.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 11, 1991.

Decided April 22, 1991.

Lawrence H. Crosby, Minneapolis, Minn., for appellants.

Michael Berens, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, and McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

James H. Sorenson and Marlene E. Sorenson, husband and wife, appeal from a

final order entered in the District Court[1] for the District of Minnesota, granting summary judgment in favor of First Wisconsin National Bank of Milwaukee ("the bank"). For reversal, appellants argue that summary judgment was improper in this foreclosure case because the bank's counsel had a conflict of interest, the bank did not give the Sorensons notice under the loan agreement, and the bank breached duties of good faith and fair dealing. For the reasons discussed below, we affirm the judgment of the district court.

James H. Sorenson[2] is a real estate developer and was a partner in Dallas Development Corp., a construction firm. In 1986, the bank lent Dallas Development $8,055,000 for several development projects in the suburbs of Minneapolis/St. Paul, Minnesota. In 1987, Sorenson wrote the bank requesting a construction loan for the Westwood III business center. The bank agreed to make the loan on the following conditions: (1) a default under any of the Dallas Development loans would be considered a default under the Westwood III loans and (2) the Westwood III property would serve as cross collateral for the Dallas Development loans. These conditions were incorporated into a construction loan agreement. The agreement also stipulated that default would occur if Sorenson failed to pay any necessary taxes or allowed mechanic's liens to attach to Westwood III. In addition, the agreement provided a 30–day notice period in case of default. Sorenson finalized the loan in August of 1987 and signed a mortgage to secure the loan.

In February 1988, the first of several mechanic's liens was filed against Westwood III. By July 1988, these liens totaled $300,000. In addition, the May 1988 real estate taxes were not paid. At the same time Westwood III was having problems, Dallas Development also was experiencing financial troubles. This was evidenced by Sorenson's involuntary bankruptcy petition on July 15, 1988. In response to the deteriorating situation, the bank asked the Minneapolis law firm of Faegre & Benson to represent it in the foreclosure of Westwood III. However, Faegre & Benson identified

a potential conflict of interest because it represented Sorenson on several unrelated matters. On May 13, 1988, Faegre & Benson wrote to the bank stating that Sorenson had consented to its representation of the bank with respect to the Westwood III foreclosure. On July 8, Faegre & Benson began foreclosure on the Westwood III property and a sheriff's sale was held on October 5, 1988. A six-month redemption period passed without Sorenson objecting to Faegre & Benson's representation of the bank in the foreclosure proceedings.

On April 4, 1989, Sorenson filed this suit in state court and the bank removed it to the district court based on diversity jurisdiction.[3] On February 28, 1990, the district court granted the bank's motion for summary judgment, holding that the bank was not liable for Faegre & Benson's conflict of interest and that the bank was not required to give Sorenson 30 days notice of default under the mortgage agreement. Sorenson responded with a motion to alter judgment and make additional findings of fact. He filed an affidavit in support of this motion, in which he asserted that he could not pay the real estate taxes and mechanic's liens because the bank had improperly refused to advance construction draws from the Westwood III loan. The district court denied his motion and struck the affidavit. This appeal followed.

■■ A motion for summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). On appeal, Sorenson argues that summary judgment was improper for three reasons. First, he argues that the bank should be held liable for Faegre & Benson's clear conflict of interest. We disagree. The district court was correct in finding that Sorenson had waited too long to complain about Faegre & Benson's representation of the bank and therefore, he was estopped from raising the conflict of interest at such a late date. *See Anda Construction Co. v. First Federal Savings & Loan Ass'n*, 349 N.W.2d 275, 279 (Minn.Ct.App.1984). Second, Sorenson argues that under the loan agreement, the

---

1. The Honorable Robert G. Renner, United States District Judge for the District of Minnesota.

2. Although both James H. Sorenson and his wife, Marlene E. Sorenson, are listed as appellants, Mrs. Sorenson's participation in the loan in question was relatively minor and the dispute is mainly between Mr. Sorenson and the bank.

3. In addition, Sorenson filed an action against Faegre & Benson with the Minnesota Board of Professional Responsibility.

bank was required to give him 30 days notice of default. The district court found that, upon close examination of the agreement, the 30 day notice provision only applied to defaults under "this agreement." Nonpayment of real estate taxes and mechanic's liens was defined as a default under the *construction loan* agreement, but nonpayment of the Dallas Development loans was defined as a default under the Westwood III *mortgage* provisions, which contained no notice requirement. Thus, the bank identified defaults justifying foreclosure without notice.

■ Finally, Sorenson argues that the bank violated its duties of good faith and fair dealing by failing to advance construction draws to pay real estate taxes and mechanic's liens. Sorenson made this assertion in his affidavit filed in support of his motion to alter or amend judgment, expanding upon a minor argument that he had raised in opposition to the bank's motion for summary judgment. This sort of ad hoc assertion after summary judgment is prohibited by this circuit's decision in *Wilson v. Westinghouse Electric Corp.*, 838 F.2d 286, 288–89 (8th Cir.1988) (*Wilson*). In *Wilson*, the plaintiff filed an affidavit in opposition to the defendant's motion for summary judgment, in which he expanded on his earlier testimony concerning his discharge and created an issue of material fact as to whether the statute of limitations had equitably tolled in his age discrimination suit. *Id.* at 288. This court held that this change in the plaintiff's theory was improper because a party could delay summary judgment by making revisions and no case would ever be proper for summary judgment. *Id.* at 289. In the present case, Sorenson expanded his earlier claim in a similar fashion in order to create an issue of material fact where none existed before. Therefore, Sorenson's third argument fails because it was an untimely revision of an earlier claim.

Accordingly, the district court's order granting summary judgment is affirmed. *See* 8th Cir.R. 47B.