UNITED STATES of America, Appellee,

v.

Thomas P. ATWOOD, Defendant, Appellant.

No. 91–2276.

United States Court of Appeals, First Circuit.

Submitted April 1, 1992.

Decided May 6, 1992.

---

Robert M. Napolitano, Portland, Me., on brief for defendant, appellant.

Richard S. Cohen, U.S. Atty., and F. Mark Terison, Asst. U.S. Atty., Portland, Me., on brief for U.S.

Before BREYER, Chief Judge, SELYA and CYR, Circuit Judges.

SELYA, Circuit Judge.

This criminal appeal requires that we determine whether the government short-changed the appellant in respect to complying with a plea agreement. Finding that appellant neglected to ask the government to do that which he now condemns the government for not doing, we affirm the conviction and sentence. *Cf., e.g., John* 16:24 ("Ask and ye shall receive.").

I

*Background*

On March 13, 1991, a federal grand jury in the District of Maine returned an indictment charging defendant-appellant Thomas P. Atwood with conspiracy to distribute lysergic acid diethylamide (LSD). In July, appellant pled guilty pursuant to a written plea agreement (Agreement). The Agreement provided, in relevant part, that appellant would cooperate with the government and assist in ongoing investigations. In return, the prosecution made three essential commitments:

1. To grant appellant use immunity (save only for serious crimes of violence).

2. To refrain from opposing a two-level reduction in the base offense level, U.S.S.G. § 3E1.1, for appellant's acceptance of responsibility.

3. To divulge the extent of appellant's assistance in certain circumstances, viz.: "*At the request of the defendant,* the United States Attorney's Office for the District of Maine will make known the cooperation of the defendant to any individual or entity to whom the defendant wishes such information disseminated." (Emphasis supplied.)

The Agreement contained no promise of a specific sentencing recommendation. Rather, both parties reserved the right to petition the district court "for the imposition of any lawful sentence...."

On November 26, 1991, appellant was sentenced. The prosecutor recommended that the court impose a sentence at the low end of the guideline sentencing range (GSR). Apart from this comment, the prosecutor, to all intents and purposes, stood mute. The court reviewed the presentence investigation report (PSI Report), set the

GSR at 210–262 months (offense level 34; criminal history category IV),[1] and sentenced appellant at the range's nadir. This appeal followed.

## II

### *Issue Presented*

■ On appeal, appellant is represented by a new attorney. Counsel's argument is classic in its simplicity. He asseverates that "the government breached the terms of the plea agreement when it failed to advise the sentencing court of the nature and extent of the defendant's cooperation." Had the government done so, counsel's thesis runs, the sentencing court might have departed downward, thus shortening appellant's sentence.[2]

## III

### *Analysis*

#### A.

##### *Appellate Jurisdiction*

■ We confront, first, a threshold issue: the government contends that there is no appellate jurisdiction. We disagree.

It is settled beyond peradventure in this circuit that, ordinarily, a criminal defendant cannot ground an appeal on the trial court's failure to depart downward from the GSR. *See, e.g., United States v. Amparo,* 961 F.2d 288, 292 (1st Cir.1992); *United States v. Lauzon,* 938 F.2d 326, 330 (1st Cir.), *cert. denied,* — U.S. ——, 112 S.Ct. 450, 116 L.Ed.2d 468 (1991); *United States v. Romolo,* 937 F.2d 20, 22 (1st Cir.1991); *United States v. Harotunian,* 920 F.2d 1040, 1044 (1st Cir.1990); *United*

*States v. LaGuardia,* 902 F.2d 1010, 1012 (1st Cir.1990). But, this appeal is a different breed of cat. The appeal does not challenge the lower court's failure to depart *per se.* Rather, the appeal zeroes in on alleged prosecutorial misconduct, appellant claiming that the government breached a material term of a binding plea agreement. We have regularly exercised appellate jurisdiction to oversee claims of that genre. *See, e.g., United States v. Canada,* 960 F.2d 263, 268–71 (1st Cir.1992); *United States v. Oyegbola,* 961 F.2d 11, 14 (1st Cir.1992); *United States v. Garcia,* 954 F.2d 12, 17–18 (1st Cir.1992). The government has given us no reason either to doubt the propriety of this practice or to eschew it here.

We will not paint the lily. An appellate court has jurisdiction, on direct review, to consider an appeal that seeks to ascertain whether the government satisfactorily complied with the terms of a plea bargain.[3]

#### B.

##### *The Merits*

■ The court of appeals affords *de novo* review to the question of whether the prosecution violated the terms of a written plea agreement in a criminal case. *Canada,* 960 F.2d at 269; *United States v. Moscahlaidis,* 868 F.2d 1357, 1360 (3d Cir. 1989). Honoring this tenet, and mindful that, in the plea-bargaining context, the prosecution must often be held to "the most meticulous standards of both promise and performance," *Correale v. United States,* 479 F.2d 944, 947 (1st Cir.1973), we find no hint of any breach.

---

1. In establishing the GSR, the district court gave Atwood the two-level credit for acceptance of responsibility contemplated by the Agreement. The prosecution did not oppose this adjustment.

2. By means of a supplemental brief, appellant has attempted to raise a second issue, contending that the district court improperly relied on two uncounselled "drunk driving" convictions in determining his criminal history score. But, the PSI Report stated specifically that Atwood "was always represented by counsel" in his previous dealings with the courts. Atwood did not object to, or contradict, this statement. Similarly, he did not object to the district court's use of the "drunk driving" convictions. Under these circumstances, the issue that is the subject of

Atwood's supplemental brief has not been preserved for appellate review. *See United States v. Dietz,* 950 F.2d 50, 55–56 (1st Cir.1991) (listing other cases).

3. The question of appellate jurisdiction is, of course, entirely separate from the question of whether the defendant appropriately preserved his claim for direct appellate review. *See, e.g., United States v. Argentine,* 814 F.2d 783, 790–91 (1st Cir.1987) (discussing applicability of raise-or-waive rule to a claim that the prosecutor transgressed the terms of a plea agreement). Because the instant appeal is baseless on the merits, *see* text *infra,* it would be supererogatory for us to consider the issue of procedural default. We, therefore, abjure that exercise.

Plea agreements are to be interpreted under contract-law principles. *See Garcia*, 954 F.2d at 17; *United States v. Hogan*, 862 F.2d 386, 388 (1st Cir.1988). Here, the Agreement is crystal clear. It limits the government's obligation to offer its views about defendant's cooperation to those instances where the defendant so requests. We assume this clause means precisely what it says; after all, defendant and his trial counsel both signed the Agreement and told the district judge they were satisfied that it faithfully recounted the bargain.[4]

Appellant concedes that he never requested the prosecutor to address the cooperation question at sentencing. Having failed to ask, appellant was not entitled to receive. Moreover, it was altogether reasonable for the prosecutor to conclude that the lack of an affirmative request was not merely an oversight. The PSI Report alluded to appellant's cooperation in paragraph 17—a paragraph to which appellant raised no objection.[5] Under the explicit provisions of the Agreement, it was for appellant to decide whether his cause was better served by reliance on the PSI Report or by augmenting it with an extemporaneous account from the prosecutor. The government had no right to play the quidnunc, second-guessing appellant's choice. Refined to bare essence, then, a clearly expressed condition precedent to the government's tentative obligation went unfulfilled. Hence, the prosecutor was not obligated to launch into a gratuitous spiel about Atwood's cooperation.

At the expense of belaboring the obvious, we also add that, whatever additional information about appellant's cooperation might have been imparted at sentencing, appellant acknowledges that the GSR would not have been altered. Thus, the incremental information could not have led to a downward departure. It is nose-on-the-face plain that the Agreement did not obligate the government to move for a downward departure based on appellant's cooperation. And, we have squarely held that a sentencing court may not depart on the basis of substantial assistance (a synonym for "cooperation") except when the government so requests. *See Amparo*, 961 F.2d at 292–93; *United States v. Drown*, 942 F.2d 55, 56 n. 2 (1st Cir.1991); *Romolo*, 937 F.2d at 23; *LaGuardia*, 902 F.2d at 1013–16; *see also* U.S.S.G. § 5K1.1 (a downward departure in return for a defendant's "substantial assistance" is available "[u]pon motion of the government"). Thus, appellant's complaint was destined to self-destruct; whatever the prosecutor did or did not contribute to the allocution, appellant received the most favorable sentence possible under the circumstances—a sentence at the bottom of the applicable GSR.

## IV

### Conclusion

We need go no further. When, as in this case, the prosecutor did exactly what the government promised to do, a claim that the plea agreement was breached will not lie.[6] *See Oyegbola*, 961 F.2d at 14; *Garcia*, 954 F.2d at 17; *Hogan*, 862 F.2d at 389. Finding no cognizable error in the proceedings below, the conviction and concomitant sentence must be

*Affirmed.*

---

**4.** If the Agreement were deficient for failure to spell out a further, expanded promise, an objection to that effect should have been raised at the change-of-plea hearing. *Garcia*, 954 F.2d at 17 n. 3; *Hogan*, 862 F.2d at 389 n. 4. No such objection ever surfaced in the court below. And, furthermore, the Agreement contained defendant's express warranty "that there [were] no further or other agreements or stipulations, either express or implied, other than those contained in th[e] Agreement."

**5.** Appellant did register eleven objections to the PSI Report, challenging thirteen different paragraphs therein. All these objections were resolved to appellant's satisfaction in the court below. None of them touched upon paragraph 17.

**6.** The rule, of course, is not ironclad. Under certain circumstances, there may be exceptions for instances of a prosecutor's halfhearted compliance with the terms of a plea agreement,

*United States v. Brown,* 500 F.2d 375, 377–78 (4th Cir.1974), or where the prosecutor has injected into the dialogue "material reservations about the agreement to which the government had committed itself," *Canada,* 960 F.2d at 269– 70, or where "the government immediately took away with the left hand what it had given with the right," *United States v. Voccola,* 600 F.Supp. 1534, 1537 (D.R.I.1985). This case, however, does not implicate any of these exceptions.