**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Joe Don MASSEY, Defendant–Appellant.**

**No. 92–3409.**

United States Court of Appeals,
Tenth Circuit.

July 1, 1993.

---

Lee Thompson, U.S. Atty., and Thomas G. Luedke, Asst. U.S. Atty., Topeka, KS, for plaintiff-appellee.

Charles D. Anderson, Federal Public Defender, and Marilyn M. Trubey, Branch Chief, Federal Public Defender's Office for the District of Kansas, Topeka, KS, for defendant-appellant.

Before McKAY, Chief Judge, and LOGAN and EBEL, Circuit Judges.

LOGAN, Circuit Judge.

■ Pursuant to a plea agreement, defendant Joe Don Massey pleaded guilty to possession of phenylacetone (P2P) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On appeal he contests only his sentence, challenging the government's failure to file a motion requesting a downward departure based upon defendant's cooperation after his arrest.[1]

Section 5K1.1 of the Sentencing Guidelines permits a sentencing court to depart downward from the guideline range if "the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense," but only "[u]pon motion of the government." In *Wade v. United States*, —— U.S. ——, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), the Supreme Court held that absent an unconstitutional motive for refusing to do so, the prose-

cutor enjoys complete discretion in determining whether to file a substantial assistance motion, and that a claim seeking to compel a motion based on a defendant's view of what he or she deems to have been "substantial assistance" will not be entertained. *Id.* at 1844.

Defendant, however, argues not merely that under the facts of the case the government should have filed a § 5K1.1 motion, but that it breached the plea agreement it reached with defendant in failing to do so. Such an allegation is not foreclosed by *Wade*. *See* —— U.S. at ——, 112 S.Ct. at 1843 (defendant did not argue that government had agreed to file § 5K1.1 motion); *United States v. Lee*, 989 F.2d 377, 379 (10th Cir. 1993). We agree with the district court that "Congress wisely or unwisely left the matter of substantial assistance to the prosecutor, unless there's a formal agreement which would bind the prosecutor." II R. 16.

■ "An appellate court has jurisdiction, on direct review, to consider an appeal that seeks to ascertain whether the government satisfactorily complied with the terms of a plea bargain." *United States v. Atwood*, 963 F.2d 476, 478 (1st Cir.1992). We review such claims de novo. *United States v. Gonzalez–Perdomo*, 980 F.2d 13, 16 (1st Cir.1992). "[P]lea bargains are governed by contract principles," *United States v. Mesa–Rincon*, 911 F.2d 1433, 1446 (10th Cir.1990), and if any ambiguities are present, they will be resolved against the drafter, in this case the government. *United States v. Coleman*, 895 F.2d 501, 505 (8th Cir.1990).

After his arrest for attempted manufacture of amphetamine, defendant agreed to cooperate with authorities in their continuing investigation. At that time, an assistant U.S. attorney sent defendant's lawyer a letter noting defendant's agreement, but carefully outlining the government's end of the bargain:

Please be advised that no promises or representations have been made concerning a reduction of his sentence. The assistance provided by Mr. Massey will be eval-

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9(a). The case is therefore ordered submitted without oral argument.

uated at the appropriate time to determine whether a motion should be filed for a downward departure from his guideline sentence. You must be advised the decision of whether to file a motion in this regard is left entirely to the discretion of the United States Attorney. If Mr. Massey provides truthful information, acts in good faith and provides what, in the estimation of the U.S. Attorney, amounts to substantial assistance, very serious considerations will be given to filing a motion for the reduction of Mr. Massey's sentence. IR. doc. 45, at 5. Approximately six months later, that assistant U.S. attorney again corresponded with defense counsel, informing her that because defendant had notified his wife and nephew of his arrest, his ability to assist in the investigation had been compromised, and noting that as a result the DEA agents on the case "were not very excited about a substantial assistance credit for Mr. Massey." *Id.* at 3.

The plea agreement defendant subsequently executed, whereby he pleaded guilty to possession of P2P with intent to distribute in exchange for dismissal of the amphetamine manufacturing charge, contains only one reference to defendant's cooperation. This is in paragraph 4: "The defendant acknowledges and understands that all information in the possession of the government concerning the defendant's involvement in the offense as well as the nature, scope and extent of the defendant's cooperation will be made known to the court for the purpose of imposing an appropriate sentence." *Id.* doc. 41, plea agreement at 2. No promise of a government motion to seek a reduced sentence is made; to the contrary, paragraph 6 states that "the government makes no recommendation or representation as to what the defendant's sentence will be." *Id.* Further, the agreement stipulates that it "supersedes any and all other agreements or negotiations which the parties may have previously reached or discussed, and this written plea agreement embodies each and every term of the agreement among the parties." *Id.* at 2–3. At the plea hearing, the district court was notified of the plea agreement, and specifically asked defendant whether "anyone made any other or different promise to you or assurance to you of any kind, to induce you to enter a plea of guilty in this case." III R. at 8. Under oath, defendant responded "No, sir." *Id.*

At defendant's sentencing hearing, defense counsel expressed the belief that the plea agreement required the government to move for a downward departure from the guideline range, pursuant to U.S.S.G. § 5K1.1, p.s. The government took the position that no such motion was required by the agreement. After a colloquy, the district court agreed, and sentenced defendant to 51 months incarceration, the low end of the guideline range. We agree that there is no basis for interpreting the plea agreement to require a § 5K1.1 motion by the government. As in *Atwood,* "[i]t is nose-on-the-face plain that the Agreement did not obligate the government to move for a downward departure based on appellant's cooperation." 963 F.2d at 479.

AFFIRMED.