UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-2224

 UNITED STATES,
 Appellee,

 v.

 JOSE R. GONZALEZ-NEGRON,
 Defendant, Appellant.

 

No. 93-1201

 UNITED STATES,
 Plaintiff, Appellee,

 v.

 JOSE R. GONZALEZ-NEGRON,
 Defendant, Appellant.

 

 ERRATA SHEET

 The opinion of this Court issued on August 23, 1993, is
amended as follows:

 On cover sheet change the word "Appeal" to Appeals.

August 23, 1993
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-2224

 UNITED STATES,
 Appellee,

 v.

 JOSE R. GONZALEZ-NEGRON,
 Defendant, Appellant.

 

No. 93-1201

 UNITED STATES,
 Plaintiff, Appellee,

 v.

 JOSE R. GONZALEZ-NEGRON,
 Defendant, Appellant.

 

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Hector M. Laffitte, U.S. District Judge]
 

 

 Before

 Cyr, Boudin and Stahl,
 Circuit Judges.
 

 

 Benicio Sanchez Rivera, Federal Public Defendant, and Miguel
 
A.A. Nogueras-Castor, Assistant Federal Public Defender, on brief
 
for appellant.
 Charles E. Fitzwilliam, United States Attorney, Jose A.
 
Quiles-Espinosa, Senior Litigation Counsel, and Ernesto
 
Hernandez-Milan, Assistant United States Attorney, on brief for
 
appellee.

 

 

 Per Curiam. Defendant-appellant Jose R. Gonzalez-
 

 Negron seeks to have his sentence vacated and recalculated in

 the district court on the grounds that the government

 breached its plea agreement with him. In particular,

 defendant contends the government promised to file a 5K1.1

 motion for downward departure, but failed to do so. The

 district court found that the government made no such

 promise. Appellant further argues that the district court

 erred in concluding that it had no authority to grant a

 5K1.1 departure absent a motion by the government. We

 affirm. 

 Background
 

 Appellant pled guilty to two counts of a four-count

indictment charging him with stealing and concealing firearms

contained in packages intended to be conveyed or delivered by the

Postal Service and which he came to possess as a Postal Service

employee, in violation of 18 U.S.C. 1709, 922(j) and

924(a)(2). In return for appellant's guilty plea to counts one

and two, the government agreed to request dismissal of counts

three and four and, at the time of sentence, to inform the Court

of "the extent and nature of defendant's cooperation." The plea

agreement further provided as follows:

 6. [Defendant enters the agreement]
 without . . . promises from the
 [government] other than those explicitly
 indicated in this document.

 -3-

 7. No additional promises, terms or
 conditions have been entered into other
 than those set forth in this plea
 agreement and none will be entered unless
 in writing and signed by all parties.

 The Pre-Sentence Report (PSR) set forth the following

facts. On November 8, 1991, a registered parcel containing two

revolvers was mailed from Birmingham, Alabama and an unregistered

parcel containing two pistols was mailed from Miami, Florida.

Both packages were addressed to a gun shop in Bayamon, Puerto

Rico. The packages were stolen from the Bayamon branch Post

Office on November 13, 1991. One of appellant's co-workers told

postal inspectors that appellant was responsible for the thefts.

 A few weeks after the theft, appellant sold one of

the pistols to a Puerto Rico Police Department undercover agent.

Appellant sold the other pistol to an acquaintance for $700. A

third firearm was discovered by appellant's father in appellant's

car. In an interview with a postal inspector, appellant stated

that he had received from his co-worker a yellow slip of paper

for retrieving the packages. He had given the slip to his

neighbor, a minor, who subsequently obtained the packages and

delivered the firearms contained therein to appellant.

 The PSR reiterated the terms of the plea agreement,

including that "the government will . . . inform the court at the

time of sentencing regarding the extent and nature of whatever

cooperation is provided by the defendant." The probation officer

recommended a base offense level (BOL) of 12, to be increased by

 - 4 -
 4

1 level because the offense involved more than two, but less than

five, firearms. The PSR further recommended an upward adjustment

in the BOL of two levels for appellant's role in the offense and

a downward adjustment of two levels for his acceptance of

responsibility. Based upon the recommended total offense level

of 13 and a criminal history category of I, the probation officer

arrived at a guideline imprisonment range of 12 to 18 months.

 In discussing factors that may warrant a departure,

the PSR advised as follows:

 A downward departure may be considered by
 the Court based on the cooperation which
 the defendant has afforded government
 authorities. According to Postal
 Inspector J.R. Cottes, as a result of
 information provided by the defendant,
 accomplice Jacques Orsini-Martinez, a
 minor, was arrested and successfully
 prosecuted by state authorities.

The PSR also noted that appellant had been arrested by local

authorities and charged with unlawful sale and illegal possession

of a firearm, arising out of the same facts underlying the

federal indictment. Trial was at that time pending in the Puerto

Rico Superior Court.

 At the sentencing hearing on October 7, 1992, the

court began by asking appellant if he had anything to say in

mitigation of punishment. Appellant (through his counsel)

responded by stating that he had been informed that the

government would not move for a downward departure pursuant to

U.S.S.G. 5K1.1. Appellant objected that he had provided

 - 5 -
 5

substantial assistance to the government, resulting in successful

prosecution in the Puerto Rico courts of a minor who was involved

in the offense with him. Appellant contended that the

government's failure to make a 5K1.1 motion constituted a breach

of the plea agreement.

 The court asked the government to respond and

specifically asked, pursuant to the plea agreement, to be

informed about the defendant's cooperation. The government

stated that at the time the plea agreement was entered, the type

of cooperation expected from appellant was the surrender of the

two missing firearms or the identification of the persons to whom

they'd been delivered. This cooperation was not received.

Appellant neither delivered the guns to the government nor

identified the persons to whom he had delivered them.

 Appellant then argued that he had provided

cooperation in locating the missing weapons by meeting with a

special agent of the federal Bureau of Alcohol, Tobacco and

Firearms and telling him to whom he had given the firearms. In

addition, he had met with one of the recipients of the missing

firearms. That person was murdered on the day after the meeting,

defeating appellant's plans to retrieve the firearm. Appellant

attempted, also unsuccessfully, to locate the recipient of the

other missing weapon. In view of this cooperation, appellant

argued that the government's refusal to move for a 5K1.1

departure was arbitrary and capricious.

 - 6 -
 6

 The district court ruled that in the absence of a

motion by the government, and without any evidence that "the

government is lying or is not telling the truth or is hiding

evidence," it was without authority to depart from the guidelines

pursuant to U.S.S.G. 5K1.1. The court sentenced appellant to

twelve months' imprisonment on each count, to be served

concurrently. The sentencing judge explained that he was

imposing a sentence at the low end of the guideline range

"because of [appellant's] youth and the fact that he has

cooperated in a way, not too much but in a way with the local

government, but it is not enough for a departure under Section 5K

of the guidelines."

 On October 13, 1992, appellant filed a notice of

appeal (Appeal No. 92-2224). The next day, appellant filed with

the district court a motion to correct or reduce sentence

pursuant to Fed. R. Crim. P. 35(c). Appellant requested a

hearing on the issue of the government's breach of its obligation

under the plea agreement to move for a downward departure from

the guidelines pursuant to U.S.S.G. 5K1.1. This court remanded

to the district court for a ruling on the Rule 35(c) motion.

 The district court held a hearing on appellant's Rule

35(c) motion on January 28, 1993. The court ruled that the plea

agreement did not provide that the government would move for a

reduction pursuant to U.S.S.G. 5K1.1. Appellant protested that

it was his understanding when he entered the plea agreement that

 - 7 -
 7

"the Government would advise [the court] as to what he cooperated

. . . so that [the court] could make the downward departure under

5K." The district court, citing the "zipper clause" in the plea

agreement, providing that no additional promises would be made

unless in writing and signed by both parties, ruled that the

government was only obliged to advise the court of appellant's

cooperation, but not to move for a 5K1.1 reduction. The court

found that the government had met its obligation:

 They complied with that part of their
 agreement, and I remember they told the
 court what has happened with the weapons.
 So they did comply by informing the
 court.

Therefore, the district court denied appellant's Rule 35(c)

motion. Appellant filed this appeal.

 Discussion
 

 Breach of Plea Agreement
 

 Regardless whether we apply a clearly erroneous or de

novo standard of review to the district court's determination

that the plea agreement was not violated, compare United States
 

v. Tilley, 964 F.2d 66, 71 (1st Cir. 1992) (applying clearly
 

erroneous standard), with Kingsley v. United States, 968 F.2d
 

109, 114 (1st Cir. 1992) (applying de novo standard), we uphold

the district court's finding of no breach. The district court

found that the plea agreement did not include a promise by the

government to move for a reduction of sentence pursuant to

 5K1.1. That finding is fully supported by the record. The

 - 8 -
 8

plea agreement makes no mention of 5K1.1. Nor does appellant

contend that any other written or oral agreement was entered. 

 Appellant merely contends that he inferred from the

government's promise to inform the court of his cooperation that

it would also move for a 5K1.1 departure. The plea agreement

specified, however, that the government had not made any

additional promises and that "none will be entered unless in

writing and signed by all parties." At the guilty plea hearing,

appellant specifically acknowledged that "everything that was

promised [him] is included, is inserted in this document which

means that anything else which is not here does not exist or is

not binding upon the government or upon [him]."

 Although appellant's reasonable understanding of the

government's obligations under the plea agreement should be

enforced, in this case a promise to move for a departure under 

 5K1.1 could not reasonably be implied from the plea agreement's

promise to inform the court of the extent of appellant's

cooperation. See, e.g., United States v. Massey, No. 92-3409,
 

1993 U.S. App. LEXIS 16409 (10th Cir. July 1, 1993) (rejecting

appellant's argument that plea agreement, providing only that the

government would inform the court of the extent of defendant's

cooperation, obligated the government to move for a 5K1.1

departure). As we said in United States v. Atwood, 963 F.2d 476,
 

479 (1st Cir. 1992), "[i]t is nose-on-the-face plain that the

 - 9 -
 9

[plea agreement] did not obligate the government to move for a

downward departure based on appellant's cooperation."

 Appellant does not contend that the government

refused to inform the court of the "extent and nature" of his

cooperation. Rather, appellant's complaint is that the

government refused to file a 5K1.1 motion. As the government

never promised to make a 5K1.l motion, the government did not

violate the plea agreement by failing to request a downward

departure.

 Section 5K1.1 Departure
 

 Appellant argues that the district court

misinterpreted U.S.S.G 5K1.1 as requiring a government motion as

a prerequisite to a downward departure based upon appellant's

substantial assistance. We disagree. Section 5K1.1 provides,

in relevant part, as follows:

 Upon motion of the government stating
 that the defendant has provided
 substantial assistance in the
 investigation or prosecution of another
 person who has committed an offense, the
 court may depart from the guidelines.

U.S.S.G 5K1.1. As this court has recently noted, "a government

motion is a sine qua non to a departure for a defendant's
 

substantial assistance, see Wade v. United States, U.S. , ,
 

112 S. Ct. 1840, 1843, 118 L.Ed. 2d 525 (1992). . . ." United
 

States v. Mariano, 983 F.2d 1150, 1155 (1st Cir. 1993); see also,
 

United States v. Atwood, 963 F.2d at 479. In Wade v. United
 

States, 112 S. Ct. 1840, the Supreme Court held that the
 

 - 10 -
 10

government's decision not to move for a downward departure

pursuant to 5K1.1 was subject to judicial review and reversal if

the refusal is found to be based upon an unconstitutional motive.

The Court held that an arbitrary refusal of the government to

file a 5K1.1 motion, in that it "was not related to any

legitimate government end," would entitle appellant to relief.

Id. at 1844.
 

 At his sentencing hearing, appellant argued that the

government's failure to move for a 5K1.1 departure was arbitrary

and capricious. As in Wade, however, appellant's only support
 

for his position was the extent of cooperation provided. The

Court in Wade held that "[t]his of course, was not enough, for
 

although a showing of assistance is a necessary condition for

relief, it is not a sufficient one." Id. Similarly, in this
 

case, even assuming that appellant's assistance was

"substantial," he is not entitled to relief. The government

explained at the sentencing hearing that the reason it did not

move for a downward departure was that appellant had not

fulfilled his promise to deliver the missing guns or provide the

names of the persons to whom he sold them. The government's

failure to move for a departure for this reason is not arbitrary

or capricious. The district court did not err in determining

that it had no authority to grant a downward departure pursuant

to U.S.S.G. 5K1.1 absent a motion from the government.

 Appellant's conviction and sentence are affirmed.
 

 - 11 -
 11