**UNITED STATES of America,**
**Plaintiff,**

v.

**Diana VEGERANO–RODRIGUEZ,**
**Defendant.**

**No. CRIM. 02–404(PG).**

United States District Court,
D. Puerto Rico.

Nov. 18, 2003.

Ramon Gonzalez–Santiago, Raymond L. Sanchez–Maceira, San Juan, PR, for Defendant.

## OPINION & ORDER

PEREZ–GIMENEZ, District Judge.

Before the Court is Defendant's Motion to Compel the Government to File a 18 U.S.C. § 3553(e) Motion (Docket No. 119), the Government's "Opposition to Defendant's Motion Compelling the Filing of a Downward Departure," (Docket No. 123) and Defendant's Reply (Docket No. 127).

### THE FACTS OF THE CASE AND ITS PROCEDURAL BACKGROUND

On December 4, 2002, Diana Vegerano was indicted on two counts. Count one

charged conspiracy to import heroin in violation of 21 U.S.C. § 952 and 21 U.S.C. § 963 and count two . charged importing one hundred (100) grams of heroin from Aruba to the U.S. in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2. She entered into a plea agreement with the government (the "Agreement"), pled guilty to all charges, and met with government agents three times pursuant to a promise to cooperate. The Court does not have a detailed account of these interviews, but the defendant states in her motion that she has provided addresses, names, and telephone numbers and made full and complete disclosure of all information available to her. (Docket No. 119).

Despite Defendant's cooperation, the United States District Attorney's ("U.S.D.A.") office elected not to file a downward departure motion pursuant to U.S.S.G. § 5K1.1 (" § 5K1.1"). The defendant asserts that this decision violates the Agreement and that the bargaining of the U.S.D.A. violates her due process.

■ First, the government did not obligate itself to file a downward departure motion based on promises it made during negotiations that led up to execution of the Agreement, nor did the execution of the Agreement mandate such action. As a general rule, nothing precludes a prosecutor from bargaining away something over which he has discretion in return for promises extracted from a criminal defendant. *See United States v. Doe,* 170 F.3d 223, 226 (1st Cir.1999); *United States v. Hernandez,* 17 F.3d 78, 82 (5th Cir.1994). Relatedly, a binding prosecutorial representation that is accepted by a defendant and becomes the basis for a plea must be performed. *See Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) (holding that if a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it may be determined as part of the inducement or

consideration, [the] promise must be fulfilled). Analysis of this agreement and the subsequent action of the U.S.D.A. does not support a finding that the U.S.D.A. is obligated under the agreement to recommend a downward departure for the defendant.

■ A plea agreement is treated similar to a contract by the Courts, for the purposes of construction. *See United States v. Alegria,* 192 F.3d 179, 183 (1st Cir.1999); *United States v. Atwood,* 963 F.2d 476, 479 (1st Cir.1992); *United States v. Anderson,* 921 F.2d 335, 337–38 (1st Cir.1990). However, a plea agreement is not governed by contract law. *See United States v. Kelly,* 18 F.3d 612, 616 (8th Cir. 1994). If a plea agreement unambiguously resolves an issue, that is normally sufficient to end the judicial inquiry; however, other supplementary evidence or interpretive aids may be used if the agreement lacks clarity or is manifestly incomplete. *See [Anderson],* 921 F.2d at 338. The text of defendant's agreement does not support a finding that exercise of the U.S.D.A.'s discretion in deciding not to file for a downward departure in any way violated the agreement.

■ In her motion, defendant refers to paragraph eight (8) of the Agreement, which states that "Should the United States **determine** that defendant has provided **substantial assistance** in the investigation or prosecution of another person who has committed an offense, the United States shall file a motion for downward departure, pursuant to Guidelines § 5K1.1." (emphasis added). Therefore, § 5K1.1 provides guidance to the understanding between the parties when the agreement was signed. *See Alegria,* 192 F.3d at 183. Defendant maintains that her full and complete cooperation amounts to substantial assistance; yet § 5K1.1 explicitly suggests five non-exclusive factors to be considered when determining whether

it will grant a prosecutor's motion for a downward departure for a defendant's substantial assistance. *See* U.S.S.G. 5K1.1(a)(1)-(5). Full, complete and truthful cooperation is one of these, yet the other factors make it clear that the cooperation's significance and utility must also be considered. *Id.*

Defendant's Agreement, read as a whole, plainly was meant to be understood in terms of the guidelines listed in section § 5K1.1, and nowhere is the aforementioned interpretation of § 5K1.1 limited by the Agreement. It is the clear intent of the Agreement, by its explicit reference to § 5K1.1, to indicate that the prosecutor will take into account all of the factors in the guideline when determining whether to recommend a downward departure. *See Alegria,* 192 F.3d at 184.

■ Defendant also contends that the U.S.D.A.'s decision not to recommend a downward departure was unconstitutionally based upon the failure of Defendant's assistance to secure a particular result in a government proceeding or to "make a case" against any other person. Defendant's contention is unsupported in its brief, and nowhere does the Defendant assert facts describing how the U.S.D.A.'s actions violate the Agreement since it has never been stated that cooperation, if rendered, mandates the filing of a § 5K1.1 motion. *See Alegria,* 192 F.3d at 185. Consequently, the U.S.D.A.'s decision not to file a section § 5K1.1 motion did not violate the stated terms of the Agreement.

This court denies Defendant's motion for a hearing to compel a downward departure due to Defendant's failure to describe with any degree of particularity circumstances that bring into question the U.S.D.A.'s application of discretion in not filing a § 5K1.1 motion. The allegations contained in the Motion amount to nothing more than stating police may have acted carelessly in obtaining certain information from the defendant, but this is not grounds for an evidentiary hearing. If a downward departure for substantial assistance could be ordered by the court under such circumstances, "virtually every refusal by the prosecutor would be open to judicial review so long as the defendant tendered some information." *United States v. John Doe,* 170 F.3d 223 (1st Cir.1999). While the First Circuit has suggested that exceptional circumstances may warrant a court's imposition of a departure when the U.S.D.A. has failed to file for one, it has never suggested that under the very unexceptional facts described by Defendant in this case that a Court may do so. *See id.*

### *CONCLUSION*

As a result of the reasonable application of the U.S.D.A.'s discretion to not file for a downward departure, and due to the failure of the Defendant to suggest any facts which would bring this application of discretion into question, Defendant's motion is **DENIED.**

**IT IS SO ORDERED.**