**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4735**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CASUAL BIANCA LYONS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CR-03-312)

Argued: September 21, 2006          Decided: November 8, 2006

Before NIEMEYER, TRAXLER, and SHEDD, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ARGUED:** Paul K. Sun, Jr., ELLIS & WINTERS, L.L.P., Raleigh, North Carolina, for Appellant. Christine Witcover Dean, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

After entering into a plea agreement with the Government, Casual Bianca Lyons pled guilty to conspiring to possess with intent to distribute, and to distribute, 50 grams or more of cocaine base. The district court thereafter sentenced Lyons to a 240-month term of imprisonment. On appeal, Lyons seeks resentencing based on her contention that (1) the Government breached her plea agreement, (2) her sentencing counsel provided ineffective assistance, and (3) her sentence is unreasonable. For the following reasons, we affirm in part and dismiss in part.[1]

I

Pertinent to this appeal, Lyons agreed in the plea agreement to waive "all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the Guideline range, reserving only the right to appeal from an upward departure from the Guideline range that is established at sentencing. . . ." J.A. 13. Lyons also agreed "to disclose fully and truthfully in interviews with Government agents,

_____

[1]As we discuss below, the Government argues that the appeal waiver in Lyons' plea agreement bars her claim on appeal that her sentence is unreasonable. However, the Government does not argue that the appeal waiver bars Lyons' other claims. See generally United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005) (holding that we will enforce an otherwise valid appeal waiver when the Government seeks to enforce it and when there is no claim that the Government breached its obligations under the plea agreement).

2

concerning all conduct related to the Information and any other crimes of which [she] has knowledge." J.A. 15. For its part, the Government agreed to "make known to the Court at sentencing the full extent of [Lyons'] cooperation," but it was "not promising to move for departure pursuant to U.S.S.G. § 5K1.1." J.A. 18.[2] The Government also reserved the right to make a sentence recommendation.

The presentence report ("PSR") calculated Lyons' total guideline offense level at 41. Because Lyons had a criminal history category of VI, her advisory guideline range was 360 months to life imprisonment. Lyons initially objected to the PSR on several grounds, but upon the Government's filing of a § 5K1.1 motion, she withdrew her objections. Accordingly, without objection, the district court accepted the PSR calculations.

During the sentencing hearing, the Government presented its § 5K1.1 motion. The Government informed the district court that Lyons' trial testimony in a federal case in Florida helped convict Andre Dougan, who was a large-scale drug dealer. The Government also noted that Lyons had been sent to Florida to testify against another drug defendant (Carey Williams), but because the prosecuting attorney did not find her credible, the Government did

---

[2]Section 5K1.1 permits the district court, on motion of the Government, to depart downward from the sentencing guideline range when the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed a criminal offense.

not use her at that trial.  The Government then stated that although its normal policy was to recommend a 50% sentencing reduction, it was only requesting a 25% reduction, or a sentence of 270 months, for Lyons.  Explaining this recommendation, the Government pointed out that despite Lyons' extensive criminal activity and local criminal connections, she did not provide assistance in North Carolina.  According to the Government, Lyons "picked and chose" where and when she would provide information, and she was not truthful and forthcoming about certain people ("the local drug dealers") who later implicated her as their drug supplier.  J.A. 79.  Moreover, even when confronted with information that the local drug dealers had implicated her, Lyons "minimized" her involvement with them.  J.A. 80.

In response to the Government's discussion of her assistance, Lyons' attorney (Deborah L. Newton) pointed to Lyons' testimony against Dougan and her willingness to testify against Williams. Referring to the local drug dealers, Newton also stated that she had "three pages worth of . . . other people that [Lyons] has provided information for prosecution against," J.A. 90, and she named several of them.  Newton explained Lyons' asserted lack of cooperation regarding the local drug dealers by noting that although it was "hard" for Lyons to talk about them in her initial debriefings, she later was "very forthcoming."  J.A. 91.

In an apparent attempt to rebut Newton's statement regarding Lyons' cooperation, the Government offered to call as a witness one of the law enforcement officers who had interviewed Lyons. The district court dissuaded the Government from calling this witness, and it then granted the Government's § 5K1.1 motion and sentenced Lyons to a 240-month term of imprisonment.

II

Lyons first argues that the Government breached the plea agreement by failing to "make known to the Court at sentencing the full extent of [her] cooperation. . . ." J.A. 18. According to Lyons, the Government informed the district court about some, but not all, of her cooperation. Although Lyons presented additional information about her purported cooperation during the sentencing hearing, she did not argue in the district court that the Government breached the plea agreement.

Because of Lyons' failure to object to the Government's alleged breach of the plea agreement during sentencing, we review for plain error. <u>United States v. McQueen</u>, 108 F.3d 64, 65-66 (4th Cir. 1997). Generally, under plain error review, we may notice an error that was not preserved by timely objection only if the defendant can demonstrate that: (1) an error occurred, (2) the error was plain, and (3) the error was material or affected the defendant's substantial rights. <u>United States v. Olano</u>, 507 U.S.

725, 732 (1993). Even when these three conditions are met, we will correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. at 732. In the specific context of plain error review of an alleged plea agreement breach, we have explained that the ultimate question is whether the alleged breach is "so obvious and substantial that failure to notice and correct it" affects the fairness, integrity or public reputation of the judicial proceedings. McQueen, 108 F.3d at 66 (citation and internal punctuation omitted).

Having carefully reviewed the transcript of the sentencing hearing, we find that Lyons has failed to establish any error, much less one that is plain. As noted, although not obligated to do so, the Government moved for a downward departure under § 5K1.1 for Lyons' substantial assistance, and in support of the motion it informed the district court of Lyons' testimony against Dougan. Based on the Government's motion and presentation, the district court departed from the guideline range of 360 months to life and sentenced Lyons to a 240-month term of imprisonment. Thus, Lyons obtained a significant benefit by virtue of the Government's representation to the district court that she provided substantial assistance.

Notwithstanding this fact, Lyons argues that the plea agreement required more from the Government. Specifically, pointing to the local drug dealers, Lyons contends that the

6

Government was obligated both to inform the district court about them and to explain her cooperation with respect to them. We believe that Lyons overstates the Government's obligation under the circumstances of this case.

To be sure, the Government agreed to inform the district court about the "full extent" of Lyons' "cooperation," and "cooperation" under the terms of this plea agreement arguably may be something different (albeit lesser) than "substantial assistance."[3] However, what Lyons fails to grasp in any event is that the Government did not find her to be cooperative as to the local drug dealers.[4] Rather, as the Government explained to the district court at sentencing, Lyons was not initially truthful and forthcoming about the local drug dealers; she "picked and chose where and when she

[3]Although the plea agreement uses the term "cooperation," it does not mention "substantial assistance" specifically. Instead, the plea agreement simply refers to the Government's reservation of its right to file a § 5K1.1 motion. Because the Government's obligation to inform the district court about Lyons' "cooperation" appears in the same provision as the Government's reservation of its right to file a § 5K1.1 motion, it is arguable that "cooperation" is in fact synonymous with "substantial assistance." See United States v. Atwood, 963 F.2d 476, 479 (1st Cir. 1992) (finding the terms "substantial assistance" and "cooperation" to be synonymous).

[4]A defendant alleging that the Government breached a plea agreement bears the burden of establishing by a preponderance of the evidence both the breach and his fulfillment of his own obligations under the agreement. United States v. Snow, 234 F.3d 187, 189 & n.2 (4th Cir. 2000). Thus, in the context of this case, Lyons must show that she provided the degree of cooperation contemplated by the plea agreement. United States v. Connor, 930 F.2d 1073, 1076 (4th Cir. 1991).

7

would provide information," J.A. 79, and she minimized her involvement with them even after being told that they had implicated her. Although Newton asserted that Lyons ultimately was forthcoming, she nonetheless implicitly acknowledged much of the Government's version of events.

In Snow, we considered a claim that the Government breached a plea agreement by failing to file a § 5K1.1 departure motion where the agreement provided that the Government would make such a motion in exchange for the defendant's "truthful and thorough cooperation" with law enforcement. 234 F.3d at 189. At the defendant's sentencing, the Government declined to file the motion based on its determination that the defendant did not truthfully and thoroughly cooperate, and the district court upheld the Government's decision. In affirming the sentence, we held that where "a plea agreement contemplates that the Government will make a § 5K1.1 motion if the defendant provides truthful cooperation, the Government remains the appropriate party to assess whether the defendant has performed that condition adequately." 234 F.3d at 190. We further held that "the Government is entitled to have that evaluation reviewed only for bad faith or unconstitutional motive." Id.

Although we decided Snow in the slightly different context of the Government's refusal to file a § 5K1.1 motion, we find its reasoning to be applicable here. Because Lyons has not shown any basis to suggest that the Government acted in bad faith or with an

8

unconstitutional motive, we have no occasion to disregard the Government's determination that she did not cooperate regarding the local drug dealers. Accordingly, we find that the Government did not breach the plea agreement.[5]

## III

Lyons next argues that Newton provided ineffective assistance because she (1) failed to object to the Government's alleged breach of the plea agreement and (2) procured Lyons' agreement to withdraw her objections to the PSR without obtaining any benefit from the Government in return. "We may consider an ineffective assistance claim in the first instance on direct appeal only if it conclusively appears from the record that counsel was constitutionally ineffective." United States v. Alerre, 430 F.3d

---

[5]In any event, even if the Government breached the plea agreement by not providing more detail about Lyons' "cooperation" as to the local drug dealers, we find that the purported breach would not warrant our correction of the error. As noted, during the sentencing hearing Newton informed the district court about Lyons' alleged cooperation; thus, the district court was aware that Lyons had done something more than simply testify against Dougan. In light of the significant downward departure Lyons received, we do not believe that the Government's alleged breach was "so obvious and substantial" that failure to notice and correct it affects the fairness, integrity, or public reputation of the judicial proceedings. McQueen, 108 F.3d at 66; see also United States v. Salazar, 453 F.3d 911, 915 (7th Cir. 2006) ("Reversal on the basis of plain-error review is justifiable only when the reviewing court is convinced that it is necessary in order to avert an actual miscarriage of justice. A defendant wishing to establish plain error must show that but for the breach of the plea agreement his sentence would have been different.") (citation and internal punctuation omitted).

681, 688 (4th Cir. 2005), cert. denied, 126 S. Ct. 1925 (2006). Because our review of the record reveals that Lyons has failed to meet the high burden necessary to raise this claim on direct appeal, we decline to consider it.

                              IV

Finally, Lyons argues that her sentence is unreasonable. The Government argues that Lyons has waived this issue by virtue of the appeal waiver in the plea agreement. We agree. As we have noted, Lyons agreed to waive (with one inapplicable exception) "all rights" under 18 U.S.C. § 3742 "to appeal whatever sentence is imposed." J.A. 13. This waiver, which we find to be valid and enforceable, bars Lyons' challenge to the reasonableness of her sentence. See Blick, 408 F.3d at 167-69 (discussing enforceability of appeal waivers). Therefore, we dismiss this claim.

                              V

Based on the foregoing, we affirm in part and dismiss in part.

                    AFFIRMED IN PART AND DISMISSED IN PART