UNITED STATES COURT OF APPEALS
**Filed 4/9/96**
TENTH CIRCUIT

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JAY E. BAZY,

      Defendant - Appellant.

No. 95-3037

(D.C. No. 94-CR-40018)

(D. Kan.)

ORDER AND JUDGMENT[*]

Before EBEL, McKAY and HENRY, Circuit Judges.

The parties have agreed that this case may be submitted on the briefs. After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Defendant Jay Bazy pled guilty to conspiracy to possess crack cocaine with intent to distribute in violation of 21 U.S.C. § 846. Mr. Bazy claims that the government failed

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

to comply with the terms of his plea agreement and that the district court erred when it denied his motion to enforce the plea agreement. For the following reasons, we affirm.

Under the terms of the plea agreement, Mr. Bazy agreed to give a "full and truthful" statement concerning his involvement, as well as the involvement of other people, with the activities charged in his indictment. R., vol. I, no. 57, Plea Agreement at ¶ 4. Mr. Bazy was also required to submit to a polygraph examination in order to test the truthfulness of the representations made in his statement. Id. at ¶ 5. In return, the government promised to file a motion to reduce Mr. Bazy's sentence pursuant to U.S.S.G. § 5K.1 if it determined that Mr. Bazy had provided "substantial assistance" in the investigation or prosecution of other persons. Id. at ¶ 7(e). The agreement expressly provided, however, that the government had complete and sole discretion to determine whether Mr. Bazy had provided substantial assistance. Id. at ¶ 8.

The government interviewed Mr. Bazy twice. It gave Mr. Bazy a polygraph examination after the first interview, but did not give him a polygraph examination after the second interview. Mr. Bazy filed a motion with the district court, claiming that the government did not comply with the plea agreement because it had not filed a motion for reduction of sentence based on his substantial assistance. The district court denied this motion. On appeal, Mr. Bazy argues that the government did not comply with the plea

2

agreement because it did not give him the opportunity to take a polygraph examination regarding his second interview. He also argues that the government knew the contents of the statement he would make and that it had assured him that this statement would constitute substantial assistance.

"[A]bsent an unconstitutional motive for refusing to do so, the prosecutor enjoys complete discretion in determining whether to file a substantial assistance motion . . . ." United States v. Massey, 997 F.2d 823, 824 (10th Cir. 1993) (citing Wade v. United States, 112 S. Ct. 1840, 1844 (1992)). Without a sufficient allegation of an unconstitutional motive, the court will not review a prosecutor's determination that substantial assistance has not been provided. See id. Mr. Bazy has not claimed that the prosecutor acted with any improper motive in this case other than a conclusory allegation of bad faith. As a result, we will not review the prosecutor's determination that Mr. Bazy did not provide substantial assistance.

Mr. Bazy contends, however, that the government did not comply with the terms of the plea agreement. Where a defendant asserts that the plea agreement was not complied with, rather than merely attacking the substantial assistance determination, this court will consider the defendant's argument. Id. Thus, we may properly consider Mr. Bazy's argument that the plea agreement was not followed. We review such claims *de novo*. Id.

3

Mr. Bazy first argues that the government did not comply with the plea agreement because it did not give him the opportunity to take a polygraph examination. He contends that the polygraph examination was necessary to show that his statements were truthful. This argument ignores, however, the government's position that Mr. Bazy had not provided substantial assistance even if everything he said in his statement were true. R., vol. I, no. 94, at 10 (motion and sentencing hearing). Thus, the failure to give Mr. Bazy a polygraph examination could not have affected the prosecutor's discretionary decision not to file a substantial assistance motion.

Mr. Bazy also argues that the government knew what he would say in his statement and that it assured him that this information would constitute substantial assistance. The plea agreement itself does not support this contention. Nowhere does it indicate that the government would file a substantial assistance motion simply because Mr. Bazy gave a statement. Rather, the plea agreement clearly states that the government retains complete discretion to determine whether Mr. Bazy's statement constituted substantial assistance. R., Vol. I, No. 57, Plea Agreement at ¶ 8.

It appears from his brief, however, that Mr. Bazy is also arguing that the prosecutor made a promise or inducement not contained in the plea agreement. "[T]he party who asserts a breach of a plea agreement has the burden of proving the underlying

4

facts that establish a breach by a preponderance of the evidence." Allen v. Hadden, 57 F.3d 1529, 1534 (10th Cir.), cert. denied, 116 S. Ct. 544 (1995). Here, Mr. Bazy simply supports his contention by citing to a letter which his own counsel wrote to the prosecutor. This evidence is insufficient to establish the existence of a promise not contained in the plea agreement. Thus, this claim fails as well.

    AFFIRMED.

                                                    Entered for the Court


                                                    Monroe G. McKay
                                                    Circuit Judge

5