UNITED STATES of America, Appellee,

v.

Ismenia GONZALEZ–PERDOMO, Defendant, Appellant.

No. 91–2164.

United States Court of Appeals, First Circuit.

Heard Nov. 4, 1992.

Decided Nov. 23, 1992.

---

**14**

Luis Rafael Rivera, Hato Rey, P.R., for defendant, appellant.

Jorge E. Vega–Pacheco, Asst. U.S. Atty., with whom Daniel F. Lopez–Romo, U.S. Atty., and Jose A. Quiles–Espinosa, Hato Rey, P.R., were on brief, for U.S.

Before TORRUELLA, Circuit Judge, CAMPBELL, Senior Circuit Judge, and STAHL, Circuit Judge.

LEVIN H. CAMPBELL, Senior Circuit Judge.

Defendant/appellant Ismenia Gonzalez Perdomo appeals from her sentence in the United States District Court for the District of Puerto Rico for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). Appellant contends that the government breached its plea agreement with appellant when a Drug Enforcement Administration ("DEA") agent testified at appellant's sentencing hearing as to the extent of appellant's cooperation with the government. We disagree.

### I.

Appellant was arrested and charged with one count of possession with intent to distribute 501 grams of cocaine and one count of possession with intent to distribute 28 grams of cocaine. On June 24, 1991, appellant entered a plea agreement with the government in which the government agreed to dismiss count two of the indictment, and appellant agreed to plead guilty to the first count of the indictment and to cooperate fully with the government. In exchange for appellant's cooperation, the government agreed to "request a downward departure in accordance with Section 5K1.1 of the Sentencing Guidelines." [1]

---

1. Section 5K1.1 of the sentencing guidelines provides in pertinent part that "[u]pon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines."

Appellant's sentencing hearing was held on October 4, 1992. In accordance with the plea agreement, the government made a motion pursuant to U.S.S.G. § 5K1.1 for the court to depart downward from the 63 to 78 month imprisonment range calculated according to the Sentencing Guidelines. The government also sought to present the testimony of a DEA agent, Andres Amador, as to the extent of appellant's cooperation with the government. In clarifying its reason for presenting the evidence of DEA Agent Amador, the prosecutor stated the following:

> We would like to state for the record the Government's position. We believe Mrs. Gonzalez should receive the benefit of 5K in that her sentence should be reduced. Now, the only matter that is present before the Court is the degree. There is no request that she did not cooperate. And the only issue is how far will the Court depart from. That is the only issue.

The district court permitted Agent Amador to testify without objection from defense counsel. Agent Amador thereafter testified that appellant did provide information and participate in DEA investigations, and that appellant should receive a downward departure for her cooperation with the government. The agent stated the following as to the extent of appellant's participation:

> I believe that she had more to offer to the Government, and that her cooperation in this particular case was good, but she was able to contribute more if she wished to due to her involvement in the trafficking of narcotics and with the people that she was involved while trafficking in drugs.

On cross-examination, Agent Amador acknowledged that not only had appellant participated in an investigation that led to the arrest and conviction of two drug traffickers, but also that appellant had provided the government with the names and addresses of seven other individuals involved in illegal drug activities.

After listening to Agent Amador's testimony and the arguments of counsel, the court sentenced appellant to 45 months imprisonment—an 18–month downward departure from the minimum imprisonment calculated according to the sentencing guidelines. Appellant asks this court to vacate her sentence and remand to a different judge for resentencing, arguing for the first time on appeal that the government breached its plea agreement with appellant by offering testimony concerning the extent of appellant's cooperation with the government.

## II.

■ Ordinarily, an appellate court lacks jurisdiction to review the extent of a downward departure granted for a defendant's cooperation with authorities. *E.g., United States v. Pomerleau,* 923 F.2d 5, 6 (1st Cir.1991); *United States v. Pighetti,* 898 F.2d 3, 4 (1st Cir.1990). Appellant, however, has grounded her appeal upon an alleged breach of her plea agreement with the government, rather than upon the district court's failure to depart to the extent that appellant desired. This court, therefore, has jurisdiction to consider appellant's direct appeal that her plea agreement has been breached. *E.g., United States v. Atwood,* 963 F.2d 476, 478 (1st Cir.1992).

The government argues that, irrespective of this court's jurisdiction to consider a properly raised claim of breach of a plea agreement, appellant waived any such argument here because appellant failed to present this claim to the district court. There is a split among the circuits as to whether breach of a plea agreement may be raised for the first time on appeal. *Compare United States v. Pryor,* 957 F.2d 478, 482 (7th Cir.1992) (ordinarily a claim of breach of plea agreement cannot be raised for the first time on appeal); *United States v. Flores–Payon,* 942 F.2d 556, 558–60 (9th Cir.1991) (same); *United States v. Jefferies,* 908 F.2d 1520, 1524 (11th Cir.1990) (same) *with United States v. Hand,* 913 F.2d 854, 856 n. 2 (10th Cir.1990) (defendant does not waive objection to breach of plea agreement by failing to object at sentencing hearing); *United States v. Moscahlaidis,* 868 F.2d 1357, 1360 (3d Cir.1989)

(same); *Paradiso v. United States,* 689 F.2d 28, 30 (2d Cir.1982), *cert. denied,* 459 U.S. 1116, 103 S.Ct. 752, 74 L.Ed.2d 970 (1983); *United States v. Benson,* 836 F.2d 1133, 1135 (8th Cir.1988) (reviewing claim of breach of plea agreement raised for first time on appeal for plain error). Because we find no merit in appellant's claim that the government breached its plea agreement, we need not decide whether we would ever consider on appeal a claim of this nature not first presented to the district court. *See Atwood,* 963 F.2d at 478 n. 3 (no need to consider issue of procedural default if defendant's claim of breach of plea agreement is baseless on the merits).

■ Our review of whether the government breached its plea agreement with appellant is necessarily de novo. *E.g., Kingsley v. United States,* 968 F.2d 109, 114 (1st Cir.1992); *United States v. Canada,* 960 F.2d 263, 269 (1st Cir.1992).[2] When a defendant enters into a plea agreement with the government, the court must ensure that the government fulfills its promises to the defendant. *E.g., United States v. Giorgi,* 840 F.2d 1022, 1025 (1st Cir.1988). We hold the government to "the most meticulous standards of both promise and performance." *Kingsley,* 968 F.2d at 114 (quoting *Correale v. United States,* 479 F.2d 944, 947 (1st Cir.1973)).

■ In the present case, the government fully complied with its promise to "request a downward departure in accordance with Section 5K1.1 of the Sentencing Guidelines." At several points during the sentencing hearing, the prosecutor confirmed that the government believed that appellant should receive a downward departure pursuant to section 5K1.1. The testimony of DEA Agent Amador was offered simply to assist the district court in determining the extent it should depart from the sentencing guidelines.

The present case bears little similarity to this circuit's recent decision in *United States v. Canada,* 960 F.2d 263 (1st Cir. 1992), in which a prosecutor violated a plea agreement requiring the government both to recommend a sentence of 36 months incarceration and to inform the court of the defendant's cooperation. By failing to affirmatively recommend a 36 month sentence, urging the court to impose a lengthy sentence, and maintaining silence about the defendant's cooperative efforts, we found that the prosecution had repudiated its bargain with the defendant. *Id.* Unlike the prosecutor's conduct in *Canada,* the government here fully complied with its promise to recommend a downward departure, and offered the testimony of DEA Agent Amador only to place the sentencing court in an informed position to assess appellant's cooperation when it granted the downward departure. It is thoroughly appropriate, and in conformity with the government's obligations, for it to provide the court with information as to the material facts surrounding appellant's cooperation. *United States v. Mata–Grullon,* 887 F.2d 23, 24 (1st Cir.1989) ("the government must bring all relevant facts to the [sentencing judge's] attention.").

Because we are satisfied that the government faithfully upheld its end of the plea agreement, appellant's conviction and concomitant sentence is *affirmed.*

---

**2.** This circuit has in some cases also stated that a trial court's factual determinations as to whether there has been a breach of a plea agreement will be overturned only for clear error. *E.g., United States v. Tilley,* 964 F.2d 66, 71 (1st Cir.1992); *United States v. Kurkculer,* 918 F.2d 295, 298 n. 5 (1st Cir.1990). We need not address to what extent these cases can be squared with our more recent pronouncement in *Kingsley,* 968 F.2d at 114, that review is de novo. Here, the district court had no occasion to pass on the issue, and made no relevant factual findings. Any review is, therefore, necessarily de novo.