USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS For the First Circuit  ____________________ No. 95-1351 UNITED STATES OF AMERICA, Appellee, v. MOISES LUIS VELEZ CARRERO, Defendant, Appellant.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. D. Brock Hornby,* U.S. District Judge] ___________________  ____________________ Before Selya, Cyr and Lynch, Circuit Judges. ______________  ____________________ Jorge E. Rivera-Ortiz on brief for appellant. _____________________ Guillermo Gil, United States Attorney, Nelson Perez Sosa, ______________ ___________________ Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior _______________________ Litigation Counsel, on brief for appellee.  ____________________ February 27, 1996  ____________________  ____________________ *Of the District of Maine, sitting by designation. CYR, Circuit Judge. Defendant-appellant Moises Velez CYR, Circuit Judge ______________ Carrero ("Velez) appeals his sentence on the ground that the government breached its plea agreement ("the Agreement") by failing to recommend that there be no adjustment pursuant to  3B1.1 of the United States Sentencing Guidelines. We agree. "Because plea bargaining requires defendants to waive fundamental constitutional rights, we hold prosecutors engaging in plea bargaining to `the most meticulous standards of both promise and performance.'" United States v. Clark, 55 F.3d 9, 12 _____________ _____ (1st Cir. 1995) (citation omitted). In the Agreement, the government promised "to recommend that no adjustment pursuant to 3B1.1 of the sentencing guidelines be made." At sentencing, however, the government informed the court that it had "agreed to make no suggestion to the court as to the role of the defendant in the offense." What the government bargained to do was to oppose any 3B1.1 adjustment. What it delivered was its neu- ______ trality. This is no mere terminological distinction. The quid ____ pro quo from the defendant's point of view in this case was the ___ ___ prestige of the government and its potential to influence the _________ district court. We conclude that the government's conduct amounted to non-performance of the Agreement. Santobello v. New York, 404 U.S. 257, 262 (1971), __________ _________ requires that the breach of a plea agreement be remedied by either "specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or . . . the opportunity to withdraw the plea of guilty." In 2 this case, Velez seeks and we grant the former mode of relief. See United States v. Canada, 960 F.2d 263, 271 (1st Cir. 1992). ___ _____________ ______ Accordingly, we vacate the sentence and remand with ______ ______ orders that Velez be resentenced by a different judge. See Loc. ___ R. 27.1.1  ____________________ 1In light of our decision to vacate the sentence for breach of the Agreement, we need not address Velez's contention that the district court violated 18 U.S.C. 3553(c) by failing to recite its reasons for the sentence it imposed. 3