July 22, 1996 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
  

No. 95-1229

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 ANGEL SANTANA,

 Defendant, Appellant.

  

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jos Antonio Fust , U.S. District Judge] 

  

 Before

 Torruella, Chief Judge, 

 Coffin, Senior Circuit Judge, 

 and Cyr, Circuit Judge. 

  

 Thomas R. Lincoln, with whom Law Offices of Thomas R. Lincoln was 
on brief for appellant. 
 Juan A. Pedrosa, Assistant United States Attorney, with whom 
Guillermo Gil, United States Attorney, Jos A. Quiles-Espinosa, Senior 
Litigation Counsel, and Nelson P rez-Sosa, Assistant United States 
Attorney, were on brief for appellee.

  

  

 Per Curiam. Angel Santana, one of twenty-three Per Curiam. 

defendants involved in an extensive drug trafficking operation,

claims that the government failed to comply with their plea

agreement by refusing to request a "substantial assistance"

departure at sentencing. See 18 U.S.C. 3551 and U.S.S.G.  

5K1.1. We find no error.

 Santana pled guilty to conspiracy to possess with

intent to distribute in excess of 2,300 kilograms of cocaine. See 

21 U.S.C. 841(a)(1), 846. The plea agreement required Santana

to cooperate in the government's investigation of drug

trafficking, drug-related murders, firearms trafficking, and

other criminal violations, and to continue to provide complete,

truthful and accurate information and testimony on an ongoing

basis. In return, the government agreed to request a downward

departure for "substantial assistance." 

 Santana contended below that he complied with the plea

agreement by providing information which the government used

against his codefendants, and by testifying at the trial of a

codefendant. Thus, he argued, the government acted in bad faith

by refusing to request a downward departure. The government

responded, and the district court agreed, that Santana breached

the plea agreement by failing to disclose, inter alia, all his 

knowledge about the drug-related murders, thereby relieving the

government of its contingent obligation. See United States v. 

Santiago-Gonzalez, 66 F.3d 3, 7 (1st Cir. 1995); United States v. 

Tilley, 964 F.2d 66, 70 (1st Cir. 1992); United States v. 

 2

Gonzalez-Sanchez, 825 F.2d 572, 578 (1st Cir.), cert. denied, 484 

U.S. 989 (1987). 

 We review the district court's factual findings under

the "clear error" standard, United States v. Clark, 55 F.3d 9, 11 

(1st Cir. 1995), but conduct de novo review of its ultimate 

finding that the plea agreement was not breached by the

government. See id. at 11; United States v. Atwood, 963 F.2d 

476, 478 (1st Cir. 1992). There is ample record support for the

district court ruling that the government reasonably regarded

Santana's failure to disclose all he knew about drug-related

murders, among other matters, as a material breach of their plea

agreement. As Santana failed to fulfill a material condition

precedent to the government's obligation to recommend a downward

departure for substantial assistance, the government was under no

obligation to do so. 

 Affirmed.  Affirmed. 

 3