USCA1 Opinion

 

 July 22, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1229 UNITED STATES OF AMERICA, Appellee, v. ANGEL SANTANA, Defendant, Appellant.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jos Antonio Fust , U.S. District Judge] ___________________  ____________________ Before Torruella, Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________  ____________________ Thomas R. Lincoln, with whom Law Offices of Thomas R. Lincoln was _________________ ________________________________ on brief for appellant.  Juan A. Pedrosa, Assistant United States Attorney, with whom _______________ Guillermo Gil, United States Attorney, Jos A. Quiles-Espinosa, Senior _____________ _______________________ Litigation Counsel, and Nelson P rez-Sosa, Assistant United States _________________ Attorney, were on brief for appellee.  ____________________  ____________________ Per Curiam. Angel Santana, one of twenty-three Per Curiam. ___________ defendants involved in an extensive drug trafficking operation, claims that the government failed to comply with their plea agreement by refusing to request a "substantial assistance" departure at sentencing. See 18 U.S.C. 3551 and U.S.S.G.  ___ 5K1.1. We find no error. Santana pled guilty to conspiracy to possess with intent to distribute in excess of 2,300 kilograms of cocaine. See ___ 21 U.S.C. 841(a)(1), 846. The plea agreement required Santana to cooperate in the government's investigation of drug trafficking, drug-related murders, firearms trafficking, and other criminal violations, and to continue to provide complete, truthful and accurate information and testimony on an ongoing basis. In return, the government agreed to request a downward departure for "substantial assistance."  Santana contended below that he complied with the plea agreement by providing information which the government used against his codefendants, and by testifying at the trial of a codefendant. Thus, he argued, the government acted in bad faith by refusing to request a downward departure. The government responded, and the district court agreed, that Santana breached the plea agreement by failing to disclose, inter alia, all his _____ ____ knowledge about the drug-related murders, thereby relieving the government of its contingent obligation. See United States v. ___ ______________ Santiago-Gonzalez, 66 F.3d 3, 7 (1st Cir. 1995); United States v. _________________ _____________ Tilley, 964 F.2d 66, 70 (1st Cir. 1992); United States v. ______ _____________ 2 Gonzalez-Sanchez, 825 F.2d 572, 578 (1st Cir.), cert. denied, 484 ________________ _____ ______ U.S. 989 (1987).  We review the district court's factual findings under the "clear error" standard, United States v. Clark, 55 F.3d 9, 11 _____________ _____ (1st Cir. 1995), but conduct de novo review of its ultimate __ ____ finding that the plea agreement was not breached by the government. See id. at 11; United States v. Atwood, 963 F.2d ___ ___ _____________ ______ 476, 478 (1st Cir. 1992). There is ample record support for the district court ruling that the government reasonably regarded Santana's failure to disclose all he knew about drug-related murders, among other matters, as a material breach of their plea agreement. As Santana failed to fulfill a material condition precedent to the government's obligation to recommend a downward departure for substantial assistance, the government was under no obligation to do so.  Affirmed.  Affirmed. ________ 3