**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 20 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA ,

Plaintiff - Appellee,

v.

HILDA SALAZAR,

Defendant - Appellant.

No. 97-2241
(D. Ct. No. CR 96-513 BB)
(D. N. Mex.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **BALDOCK**, and **KELLY**, Circuit Judges.

Defendant Hilda Salazar appeals her sentence on the ground that the

government breached her plea agreement. We exercise jurisdiction under 28

U.S.C. § 1291 and affirm.

The defendant pleaded guilty to Count I of a nine-count indictment, a

charge of conspiring to distribute heroin in violation of 21 U.S.C. § 846. In a

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

written plea agreement, the parties stipulated in detail the specific types and amounts of controlled substances that would be used in determining Salazar's base offense level under section 2D1.1(c)(6) of the U.S. Sentencing Guidelines Manual (U.S.S.G.) (1995[1]). As part of the agreement, the government agreed to dismiss the remaining counts of the indictment and gave the defendant blanket protection from being charged for other drug offenses committed during the period of the conspiracy set forth in the indictment. The government also stated that it would "not seek to enhance defendant's offense level under § 1B1.3 [of the Sentencing Guidelines] for relevant conduct" for additional amounts of controlled substances that she possessed and/or distributed. Plea Agmt. at ¶ 10(c). For her part, Salazar waived her right to appeal her sentence and agreed not to move for a downward departure. Under U.S.S.G. § 2D1.1(c)(6), and as stipulated in ¶ 7(a) of the plea agreement, the heroin for which Salazar was held accountable established a base offense level of 28. The agreement also stipulated a three-level reduction to level 25 for acceptance of responsibility under U.S.S.G. § 3E1.1.

The United States Probation Office prepared a presentence report that implemented the plea agreement. The first version of the report assigned Salazar a base offense level of 25 and placed her in criminal history category III. Following objections to the report filed by both parties, the probation office

---

[1] All references to the sentencing guidelines are to this version.

reduced her criminal history category to I, but it increased her base offense level to 27 because she played a leadership role in the conspiracy under U.S.S.G. § 3B1.1(c). Based on this leadership role, the probation office also rejected Salazar's argument that she met the criteria of U.S.S.G. §§ 5C1.2 and 2D1.1(b)(4) (authorizing imposition of sentence below the statutory minimum), which would have qualified her for a two-level reduction.

At the sentencing hearing, the defendant called Agent Dennis Cordova to testify regarding the relative roles in the conspiracy of several of her co-defendants, in an effort to challenge the probation office's finding that she had played a leadership role. On cross-examination, Agent Cordova detailed Salazar's involvement in drug transactions spanning the entire period specified in the indictment. The next day, the defendant filed additional objections to the presentence report, arguing that there was no factual basis for assessing a two-level offense increase under U.S.S.G. § 3B1.1(c) for her purported leadership role in the conspiracy. The probation office rejected this argument. At the sentencing hearing on June 27, the defendant alleged that the government's cross-examination of Agent Cordova violated the plea agreement by referring to conduct that was not to be considered for enhancement purposes. The district court rejected this argument.

Following these developments, the court adopted the factual findings and

guideline applications of the revised presentence report. The court specifically found that the offense level was 27 and that defendant belonged in criminal history category I, for a guideline range of 70-87 months. The court imposed a 70-month sentence. The defendant appeals, asserting that the government breached the plea agreement by seeking to enhance her base offense level for a leadership role in the conspiracy and by cross-examining Agent Cordova about events that the government had agreed not to elicit. The defendant also asserts that there is evidence in the record that the district court relied on an ex parte communication between the government and the court. The defendant seeks resentencing before a different district court judge.

We review factual questions of what the terms of the plea agreement are and what the government's conduct was only for clear error. See United States v. Clark, 55 F.3d 9, 11 (1st Cir. 1995). Whether the government's conduct breached the plea agreement is subject to *de novo* review. See id. Each of the defendant's arguments is without merit. Nothing in the plea agreement prohibited the government from seeking an upward adjustment in the defendant's offense level pursuant to U.S.S.G. § 3B1.1(c) based on her leadership role in the conspiracy. The only restriction on the government was that it agreed "not to seek to enhance defendant's offense level under § 1B1.3 for relevant conduct" based on several enumerated actions. See Plea Agmt. at ¶ 10(c). Furthermore, the government's

cross-examination of Agent Cordova elicited information to support the upward role adjustment. Nothing in the plea agreement prohibited the government from eliciting such facts during sentencing. Finally, we find nothing in the record to support defendant's assertion that the district court relied on ex parte communications in determining the defendant's sentence. The defendant's sentence here was within the range to which the defendant agreed in the plea.

AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge