**Glenn David TEEPLE, Defendant–Appellant,**

v.

**UNITED STATES of America, Plaintiff–Appellee.**

No. 00–1389.

United States Court of Appeals, Sixth Circuit.

July 26, 2001.

Before KENNEDY, SILER, and CLAY, Circuit Judges.

SILER, Circuit Judge.

Defendant Glenn David Teeple appeals his sentence of 120 months imprisonment

for aggravated sexual abuse by force or threat in violation of 18 U.S.C. §§ 2241(a) and 1153 occurring within the boundaries of the Hannahville Indian Community reservation in Menominee, Michigan. He alleges a breach of the plea agreement by the prosecution. We affirm.

Teeple entered into a plea agreement with the government which provided that he would plead guilty to Count One of the indictment and the parties would stipulate to a base offense level of 27, with a four-level increase to 31 because violence was used against the victim. Because Teeple accepted responsibility for his crime, the parties stipulated that he was entitled to a three-level reduction.

Applicable to the government were the following paragraphs:

Based on the facts now known to the government the government will make a non-binding recommendation that the sentence in this matter be imposed within the guideline range where offense level 28 and defendant's Criminal History Category intersect. Based on the facts now known to the government, the government does not intend to seek an upward departure.

The defendant understands that there is no agreement as to his criminal history or his criminal history category.

During sentencing the district court commented on Teeple's numerous convictions in the last few years and determined that an upward adjustment was necessary because many of the convictions were in tribal court causing the criminal history to be underrepresented. This upward departure was recommended by the probation office. The prosecution was then given the opportunity to speak at which time counsel stated that "the presentence report fully informs the Court of the gravity of this matter." The district court then noted that out of the "hundreds and hundreds of people [it] had sentenced over the last 27 years, [defendant had] one of the most extensive criminal records...for anyone 22 years of age."

■ Teeple appealed based on the government's failure to make a recommendation that Teeple would be sentenced within the guidelines which he asserts was required under his plea agreement. Underlying this issue is whether Teeple waived his right to appeal his sentence when he failed to object after the prosecution did not offer a recommendation at sentencing. Well established in this circuit is the essentiality "that a defendant raise all objections to the sentence before the sentencing judge in the first instance." *United States v. Cullens,* 67 F.3d 123, 124 (6th Cir.1995). A failure to object results in waiver of the issue. *See id.* Once it became clear to Teeple that the prosecution was not going to state the recommendation made in the plea agreement, Teeple had to object or face waiver of the issue on appeal. *See Baker v. United States,* 781 F.2d 85, 90 (6th Cir.1986).

■ By failing to object at the time of sentencing, defendant clearly waived his right to appeal any breach of the plea agreement. A plain error analysis is therefore applicable pursuant to Fed. R.Crim.P. 52(b). *See United States v. Carr,* 170 F.3d 572, 577 (6th Cir.1999). In all likelihood any recommendation to stay within the guideline range would have had no effect on the district court in light of the district court's statement that it was going to depart upward under the sentencing guidelines based on Teeple's extensive criminal history. In addition, the court had the plea agreement before it. Teeple is not entitled to relief as the government's inaction did not affect his substantial rights. AFFIRMED.

CLAY, Circuit Judge, dissenting.

Because I disagree with the majority opinion's conclusion that Defendant's substantial rights were not affected by the government's breach of the plea agreement, I respectfully dissent.

When reviewing a claim for plain error, this Court may only reverse if: (1) there is an error; (2) the error is plain; (3) the error affects the defendant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v. Martinez*, 253 F.3d 251 (6th Cir. 2001).

Several circuits have held that the issue of whether the government breached a plea agreement is subject to *de novo* review whether or not the defendant objects to the alleged breach in the district court. *See United States v. Lawlor*, 168 F.3d 633, 636 (2d Cir.1999) (holding defendant was not required to object to violations of plea agreement at sentencing and that failure to do neither waived defendant's right to appeal nor required that court conduct plain error review); *United States v. Courtois*, 131 F.3d 937, 938 & n. 2 (10th Cir. 1997) (same); *United States v. Moscahlaidis*, 868 F.2d 1357, 1360 (3d Cir.1989) (same).

When a defendant pleads guilty in reliance upon a plea agreement, he waives certain fundamental constitutional rights such as the right to a trial by jury. *United States v. Clark*, 55 F.3d 9, 12 (1st Cir.1995). It is well-established that the waiver of these rights and the defendant's guilty plea must be knowing and voluntary. *Id.* For this reason,

> the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

*Santobello v. New York*, 404 U.S. 257, 261, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *accord Clark*, 55 F.3d at 12 (" '[t]he government must keep its promises or the defendant must be released from the bargain' ") (citation omitted) (alteration in original).

In *United States v. McQueen*, 108 F.3d 64 (4th Cir.1997), the court held that the government's breach of the plea agreement constituted plain error. There, the government promised to recommend that the defendant receive no more than sixty-three months for the charged offenses and that the defendant receive a two-level adjustment for acceptance of responsibility. At the sentencing hearing, however, the government failed to honor either of its promises. Because the defendant failed to object to the government's breach before the district court, the court reviewed the claim for plain error. The court noted, "[w]hen reviewing a breached plea agreement for plain error, therefore, we must establish whether the breach was 'so obvious and substantial that failure to notice and correct it affect[ed] the fairness, integrity or public reputation of the judicial proceedings.' " *Id.* at 66 (citation omitted) (alteration in original). The court concluded,

> [t]he Government's failure to argue the terms of [the plea agreement] to the district court at the sentencing hearing constituted a breach of the plea agreement. And because violations of plea agreements on the part of the government serve not only to violate the constitutional rights of the defendant, but directly involve "the honor of the government, public confidence in the fair administration of justice, and the effective administration of justice in a federal

scheme of government," we hold that the Government's beach constituted plain error.

*Id.*

In the instant case, the government promised to recommend that the district court sentence Defendant within the guidelines range. Despite its obligation, the government made no recommendation at all. Instead, when the district court asked the government if there was anything it wanted say, the government responded, "No, Your Honor. I think the pre-sentence report fully informs the Court of the gravity of this matter." (J.A. at 72.) It is clear on the face of the record that the government breached the plea agreement.

The majority opinion contends, however, that any breach by the government should be excused because it was likely that any recommendation "would have had no effect on the district court" in its decision to depart upward. There is ample authority which contradicts this proposition. The district court in *Santobello* stated on the record that it was not influenced by the prosecutor's recommendation that the defendant be sentenced to the maximum possible sentence—a recommendation that violated the plea agreement in that case. Despite this clear statement from the district court, which the Supreme Court accepted as true, the Court stated:

> Nevertheless, we conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration.

*Santobello*, 404 U.S. at 262–63; *accord Cohen v. United States*, 593 F.2d 766, 772 (6th Cir.1979) (recognizing that the district court's "awareness of and/or disinclination to adopt the terms and conditions of the plea agreements would be irrelevant" in concluding that defendant was entitled to relief for government's breach of plea agreement). In *Cohen*, this Court stated, "[a]s the touchstone of *Santobello* is whether the prosecution met its commitment and not whether the court would have adopted the government's recommendation." 593 F.2d at 772; *accord United States v. Grandinetti*, 564 F.2d 723, 726 (5th Cir.1977) (recognizing that the government has an obligation to perform under the plea agreement "regardless of whether the failure of the government to strongly advocate the agreement had any effect on the sentencing judge").

The majority opinion also argues that Defendant's substantial rights were not affected because the district court had the plea agreement before it. This argument, however, has consistently been rejected. *See, e.g., Cohen*, 593 F.2d at 772; *United States v. Myers*, 32 F.3d 411, 413 (9th Cir.1994) (*per curiam*) ("It was insufficient that the court, by reading the presentence report and the plea agreement, was aware that the government had agreed to recommend a sentence at the low end of the guideline range. The harmless error rule does not apply to the law of contractual plea agreements."). "The government must be held to the literal terms of the agreement." *Myers*, 32 F.3d at 413 (quotation and citation omitted). "The bargain that the defendant agreed to was not a promise by the government to recommend, but the actual fact of recommendation." *Id.; accord United States v. Camarillo-Tello*, 236 F.3d 1024, 1027 (9th Cir.2001); *United States v. Canada*, 960 F.2d 263, 269–70 (1st Cir.1992).

Indeed, Defendant's substantial rights were affected by the government's breach of the plea agreement.

> [I]t is the defendant's rights which are being violated when the plea agreement is broken or meaningless. It is his waiv-

er which must be voluntary and knowing. He offers that waiver not in exchange for the actual sentence or impact on the judge, but for the prosecutor's statement in court. If they are not adequate, the waiver is ineffective.

*Canada,* 960 F.2d at 270.

More importantly, when the government agrees to recommend a certain sentence, or in this case a certain departure, the benefit to the defendant is that it presents a "united front" to the court. The idea is that when the sentencing court hears that both sides believe a certain sentence is appropriate and reasonable in the circumstances, this is more persuasive than only the defendant arguing for that sentence. Presenting this "united front" is the defendant's benefit of the bargain. It is not always much of a benefit, as the sentencing courts do not have to follow the joint recommendation. Nevertheless, the chance that the court will follow the joint recommendation is often the basis upon which defendants waive their constitutional right to trial.

*Camarillo–Tello,* 236 F.3d at 1028.

Furthermore, such a plain error—the government's failure to honor its obligations under the plea agreement—affects the integrity of our judicial system and should be corrected. *United States v. Taylor,* 77 F.3d 368, 372 (11th Cir.1996); *United States v. Mondragon,* 228 F.3d 978, 981 (9th Cir.2000) ("The integrity of our judicial system requires that the government strictly comply with its obligations under a plea agreement."). Accordingly, I would vacate Defendant's sentence and remand for resentencing before a different judge in conformity with *Santobello* and its progeny.