Brouillard v. United States          05-CV-246-SM  02/28/06
                UNITED STATES DISTRICT COURT

                 DISTRICT OF NEW HAMPSHIRE


Bruce Brouillard,
      Petitioner

      v.                                Civil No. 05-cv-246-SM
                                        Opinion No. 2006 DNH 027
United States of America,
      Government


                        **O R D E R**


      Petitioner seeks relief from his sentence under the

provisions of 28 U.S.C. § 2255.  He is acting pro se, but his

pleadings are cogent and to the point.  His principal claim is

straightforward, but the government has not directly addressed

it.  Instead, the government argues generically around the

margins, studiously avoiding discussion of the claim actually

made by petitioner.  As it has in prior cases in which the

government declines to join issue, the court will assume

plausibility with regard to claims raised but not discussed or

opposed by the government.


      Petitioner says the government breached the terms of his

written plea agreement at sentencing, and his lawyer provided

ineffective assistance when he failed to raise the issue – that

the government breached its obligations under the plea agreement – with the court.[1]  Pursuant to a written plea agreement, petitioner pled guilty to conspiracy to distribute a controlled substance (cocaine).  The agreement provided, in pertinent part, that:

> The United States agrees that it will not oppose the application of the "Safety Valve" provisions of the Sentencing Guidelines (U.S.S.G. § 5C1.2) to the defendant if the Probation Department determines the defendant is eligible, and he meets the criteria set forth in the Guidelines Section.  The defendant understands that the Court is not bound by the foregoing agreements, but with the aid of a pre-sentence investigation report will determine the facts relevant to sentencing.

Petitioner says the plea agreement was executed some two years after he had made his cooperative proffer to the government.  Implicitly, then, as of the time the agreement was signed, the government was satisfied with petitioner's cooperation.

Prior to sentencing, the United States Probation Office circulated its proposed presentence investigation report for

---

[1]     Petitioner also sought to challenge a civil forfeiture of property, but waived that issue in his "Response to Government's Opposition to Motion Pursuant to 28 U.S.C. § 2255" (document no. 5).

2

comment or objections by the government and defendant.  That report found petitioner eligible for application of the safety valve provisions, which would have allowed him to be sentenced within the applicable guideline range, unrestricted by the statutory mandatory minimum sentence of five years for the offense of conviction.  But, notwithstanding the plea agreement, the government objected to that part of the report, on grounds that petitioner's cooperation had been deficient, rendering him ineligible for safety valve consideration.

The probation officer understandably deferred to the government's assessment of defendant's cooperation, and changed the report.  The officer, however, noted that petitioner's entitlement to safety valve relief would likely be an issue at sentencing.  As it turned out, safety valve relief was not raised as an issue.

At sentencing defense counsel unsuccessfully sought a sentence less severe than that dictated by the statutory mandatory minimum.  Counsel suggested that petitioner's health warranted a lesser sentence, pursuant to a guideline departure. That, of course, was plainly not permitted, given the statutory

3

mandate. Counsel also vaguely suggested that petitioner should benefit from the safety valve provision, but seemingly acknowledged that for petitioner to be eligible for the safety valve provision, the government would first have to represent that petitioner had disclosed all information and evidence he had concerning the offense(s).[2]

The government affirmatively opposed safety valve relief for petitioner during the sentencing hearing:

> DEFENSE COUNSEL: We have here, and I believe in the First Circuit – there's different law in other circuits, and that's the safety valve, as to whether or not that's applicable.
>
> COURT: I'm missing your point.
>
> DEFENSE COUNSEL: I think the court –
>
> COURT: The safety valve is only applicable if the government makes the requisite representation I suppose, right?

---

[2] Although the argument was not made, and has not been made here, it is possible that, in the government's view, petitioner did not make full disclosure, or actually misrepresented facts. On the other hand, it is also possible, although this argument was not made either, that petitioner, in the language of § 5C1.2(5), truthfully provided all information, or, had no relevant or useful information to provide or that the government was already aware of the information, thus making petitioner eligible for safety valve relief, notwithstanding the government's opposition.

4

PROSECUTOR: [Yes.] We definitely do not in this case. We've reviewed it very carefully your honor.

Defense counsel then sought leave to present evidence related to petitioner's health, to support a downward departure under U.S.S.G. § 5H1.4 (a departure which, as noted, could not lawfully go below the statutory mandatory minimum sentence), as well as to support a claim of exceptional circumstances warranting post-sentencing release and self-reporting to a facility designated by the Bureau of Prisons for service of his term of imprisonment. Neither defense counsel nor the government raised an issue regarding the plea agreement's provision binding the government (at least conditionally) to not oppose application of the safety valve provision. Accordingly, that issue was forfeited. On direct appeal, the court of appeals declined to entertain the issue, but noted that the plea agreement might be open to interpretation on that point.

**Discussion**

The substantive issue raised by petitioner relates to the quality of his counsel's representation. But resolution of that issue necessarily turns on whether the government breached its obligations under the plea agreement. If it did not, then

5

petitioner was not prejudiced by counsel's failure to raise the safety valve issue, even if competent counsel would have raised it.

The government's memorandum does not dispute the essential facts as asserted by the petitioner, and the record largely supports his presentation. (In fact the government does not even acknowledge petitioner's claim, does not discuss the plea agreement's provisions, its reasons for opposing safety valve relief notwithstanding the agreement's terms, nor whether defense counsel provided effective representation given his failure to raise the government's obligations not to oppose safety valve at sentencing.) Accordingly, the issue is one of law – whether the government's undisputed conduct breached the plea agreement. See United States v. Frazier, 340 F.3d 5, 9-10 (1st Cir. 2003) (quoting United States v. Clark, 55 F.3d 9, 11 (1st Cir. 1995), and citing United States v. Doe, 233 F.3d 642, 644 (1st Cir. 2000) ("[w]hether [the government's] conduct constituted a breach of the plea agreement is a question of law . . . .").

When prosecutors engage in plea bargaining they are held to "the most meticulous standards of both promise and performance."

6

<u>United States v. Riggs</u>, 287 F.3d 221, 224 (1st Cir. 2002) (quoting <u>United States v. Velez Carrero</u>, 77 F.3d 11, 11 (1st Cir. 1996)). Here, the government might have argued that its <u>conditional</u> promise not to oppose safety valve relief was just that – conditional, and the condition – full disclosure by petitioner – was not met in at least two ways. First, the government might say, the probation office did not find petitioner eligible for safety valve relief in its final report, so the first condition was not met and, second, petitioner did not meet the criteria set forth in § 5C1.2(5) requiring full disclosure of offense-related information, so the second condition was not met either. But the government doesn't address the issues raised in the petition, and makes no such assertions.

In any event, plea agreements are construed in light of general principles of contract law. <u>Clark</u>, 55 F.3d at 12; <u>United States v. Gonzalez-Sanchez</u>, 825 F.2d 572, 578 (1st Cir. 1987). But, "[a] plea agreement is not an appropriate context for the government to resort to a rigidly literal approach in the construction of language." <u>United States v. Garcia</u>, 698 F.2d 31, 37 (1st Cir. 1983) (quoting <u>United States v. Bowler</u>, 585 F.2d 851, 854 (7th Cir. 1978)). Plea agreements also include an

7

implied covenant of good faith and fair dealing - the government is not permitted to end-run its obligations by technically complying with terms in a way that effectively undermines the benefit of the bargain upon which a defendant relied in waiving his or her substantive constitutional rights.  United States v. Ahn, 231 F.3d 26 (D.C. Cir. 2000); United States v. Saxena, 229 F.3d 1, 6 (1st Cir. 2000); United States v. Canada, 960 F.2d 263, 269 (1st Cir. 1992).

It hardly seems contestable that a significant inducement for petitioner's plea was the government's agreement not to oppose safety valve relief if the probation office found him eligible.  That promise necessarily carried with it at least an implicit commitment, as of the date of the plea agreement, not to oppose safety valve relief based on a claim that petitioner had not fully disclosed under § 5C1.2(5).  At sentencing, the government opposed safety valve relief, but did not mention its obligations under the agreement - it did not acknowledge the terms and suggest that it was somehow released from its agreement not to oppose safety valve relief, and, of course, the government offers nothing of the sort in its memorandum opposing petitioner's Section 2255 motion.

8

Significantly, it was the government that precipitated the changed presentence investigation report. The probation office found petitioner eligible for safety valve relief, and altered that determination only after the government noted its objection, claiming that petitioner did not meet the full disclosure requirement. But, the government had, at least implicitly, agreed that petitioner did meet that requirement when it executed the agreement. Otherwise, its promise not to oppose the safety valve provision was entirely illusory. The implied covenant of good faith and fair dealing operates to prevent the government from inducing a waiver and plea by making an illusory promise, or one it later undermines based on facts known to it when it executed the plea agreement. The government does not suggest that between the time of the agreement's execution and petitioner's sentencing it learned of some fraud or deceit on petitioner's part that ought to have released it from its obligations, or that should have operated to void the agreement altogether, or that the petitioner agreed, prior to sentencing, that the safety valve language was no longer applicable.

As in United States v. Nelson, 222 F.3d 545, 549 (9th Cir. 2000), the government's representations in the plea agreement

regarding safety valve relief were "strong enough to encourage [petitioner] to believe that the safety valve would apply in his case," particularly if the probation office found him eligible. And, as in Nelson, "no facts were developed after the time of petitioner's plea which could have altered the government's calculus and undercut its duty to perform under the agreement." Id. In this case the government seemingly was in possession of all the relevant facts when it made its promise, and, given this record, the government's representations "created an obligation on its part not to oppose application of § 5C1.2." Id.

It is a short step, then, to also conclude that petitioner's counsel should have raised the government's apparent breach of the plea agreement at sentencing. He did not. Under the familiar test set out in Strickland v. Washington, 466 U.S. 668 (1984), defense counsel's representation was clearly deficient in that regard. His failure to raise the breach issue fell below an objective standard of reasonableness, and deprived petitioner of a fair sentencing hearing. Moreover, petitioner was prejudiced in that he was sentenced to the mandatory minimum term of five years' imprisonment when it is likely that, absent the government's opposition, he would have been afforded safety valve

10

relief, as initially recommended by the probation office, and as contemplated by his plea agreement.

## Conclusion

Petitioner's motion for sentence relief under 28 U.S.C. § 2255 is granted.  The imposed sentence is vacated.  Petitioner shall notify the clerk, within thirty (30) days of the date of this order, of his intention to retain private counsel at no expense to the government or to request appointed counsel, after which a new sentencing hearing will be scheduled.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

February 28, 2006

cc:  Bruce Brouillard, pro se
     Peter E. Papps, Esq.
     U.S. Probation
     U.S. Marshal