TORRUELLA, Circuit Judge, concurring.
I join the court's opinion but write separately to express my concern with the path that this Court's precedents have taken with regard to enforcing appellate waivers when the district court imposes a sentence with a term of supervised release exceeding that which was expressly contemplated in the "Sentencing Recommendation" provision of a plea agreement. Where the parties specifically included some terms of a "sentence" -- which this Court has held includes any period of incarceration and any subsequent term of supervised release, Santiago, 769 F.3d at 7 -- but omitted others,[19] it must be presumed that they acted intentionally and purposefully in that inclusion and exclusion. Cf. Dean v. United States, 556 U.S. 568, 573, 129 S.Ct. 1849, 173 L.Ed.2d 785 (2009) (stating that Congress's inclusion of particular language in a statute but omission of that language in another section of the same Act is presumed intentional (citing Russello v. United States, 464 U.S. 16, 23, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983) )). The district court's imposition of additional restraints on a defendant's liberty beyond those delineated in a plea agreement renders the resultant sentence not "in accordance with the terms and conditions set forth in the Sentence Recommendation provisions of [that] plea agreement." Thus, upholding appellate waivers in such circumstances violates the *35 essential contract law principles governing our interpretation of plea agreements. See United States v. Bermúdez, 407 F.3d 536, 540 (1st Cir. 2005) (citing United States v. Clark, 55 F.3d 9, 12 (1st Cir. 1995) ).
More simply put, when a defendant is sentenced to a term of supervised release beyond that for which he has bargained, the waiver of appeal provision of the plea agreement should not be triggered. Moving forward, I encourage parties to a plea agreement to clearly delineate the terms of the "sentence" that they seek the district court to impose. Should the parties wish to leave the duration of a term of supervised release to the discretion of the district court, it would not be overly burdensome for them to state as much in their proposed sentencing recommendation.

As the court's opinion has aptly and correctly noted, when facing a mandatory minimum term of supervised release, the parties cannot contractually void that statutory minimum by failing to reference it in the sentencing recommendation of a plea agreement. In such cases, a term of supervised release is necessarily incorporated into the plea agreement and is precluded from appeal by an enforceable appellate waiver. See Rojas, 780 F.3d at 69.